Mr. Johnston, can you hear us? I can, your honor. Mr. Barholm, can you hear us? Yes, your honor. All right. Counsel for appellant, please proceed. Good morning. May it please the court. There are two issues I want to focus on. The first is whether Galvey Multnomah Hotel Inc. requires any proof on the part of the We believe it does. The second issue is that if the county was required to put forth any evidence, was the evidence offered enough for a reasonable jury to conclude that the county was not liable to Ms. Condello? And we contend that the county failed in that regard. As to the first issue, GAL held that for where a chair or a stool fails and causes injury to an invitee, a plaintiff must first prove a prima facie case. That is, that she was an invitee of defendants, that defendant furnished the chair for her to sit in, she sat down in it, and the chair then failed, causing her injury. Now, plaintiff proved all of this at trial, and the county doesn't appear to be taking a stance on this, and that can be found on page 13 of the county's briefs. Counsel? Yes. This was presented to the jury. There was a jury instruction on race observatory. Is that correct? That is correct, Your Honor. So once the jury has been instructed, you didn't object to the instruction that was given, did you? No. All right. So once the instruction was given, you didn't object to the instruction, and the jury rendered its verdict. Why is there error at this point? Well, because the district court refused to face a presumption of negligence here, where GAL requires that after the plaintiff proved her prima facie case. The presumption of evidence only gets you to the jury. This is not a case of So the presumption gets you to the jury. The defendant introduces evidence of due care, which is inspection of the chair daily, and inspection, visual inspection daily, and inspection quarterly by some other means. The jury takes that into account and says, that sounds like due care to them, and the plaintiffs will look what it's all about. Well, in this case, Your Honor, with regard to chairs and stools failing in a public setting, it seems that the court, the Oregon Supreme Court has made some allowances in order to more fall in line with the common sense of the rule. Now, the GAL court specifically says that after plaintiff proves a prima facie case, and I quote, and it was then up to defendant to explain in order to escape liability. Now, county says that this would be impermissible burden shifting, and the district court respectfully but mistakenly agreed in its denial of our motion for a new trial. Now, normally, I would agree that the doctrine of res ipsa locator allows the jury to infer negligence. But GAL's language goes beyond that for cases such as these. When a plaintiff has established a prima facie case, that plaintiff gains a favorable presumption that the defendant premises owner must then overcome. It's not strict liability, but it must then be overcome. But isn't that what happened? Isn't that what happened in this case, counsel? No, Your Honor, the district court specifically found in its order denying our motion for a new trial that the county had no burden whatsoever to put on any proof relating to reasonableness. But even if that's true, even if that incorrect, does that mean that the jury's verdict was against the weight of the evidence, which is what you would have to show to get a new trial? It does. How was the jury's verdict against the weight of the evidence? Well, what we heard at trial, um, was very limited into what the county did respecting its its facility, its facility. We contend that its efforts towards preventative maintenance for the courthouse furniture was so minimal that a reasonable jury could not conclude that that was reasonable. So through Mr. Garrett, the maintenance manager formerly at the county courthouse, he testified... We did not, Your Honor. Okay. We did object to the jury's verdict based on it being against... Now let me ask you one other question. Are you appealing the judgment in favor of defendant as entered by the judge after trial? Or are you appealing the denial of the motion for new trial? The motion for a new trial, Your Honor. And what you're saying is that the judge said in ruling on a motion for a new trial that the county had no burden of proving lack of negligence or due care, correct? Correct. But so what? I mean, so even if he was wrong on denying the motion for new trial, the judgment, um, why was he wrong on denying the motion for new trial? Because the county did have, it did have to overcome a presumption of negligence. And that's what the county showed by their defense evidence. And the jury was instructed they could consider that in determining whether the county was negligent, correct? Respectfully, Your Honor, I disagree. What the county demonstrated in its evidence is that there were daily inspections around the courthouse facility, that this was mostly limited to janitorial duties, checking whether the lights worked, making sure there aren't obstructions, that the hallways and the restrooms are clean. There was nothing specific in relating to the furniture. And certainly not this chair. Wasn't there evidence that the chairs were visually inspected? Wasn't there evidence of that? Well, Your Honor, I would... Yes or no, that's a yes or no question. Was there evidence that the chairs were visually inspected daily? I would say no. And here's why. Because that is so broad of a definition of the word inspection as to rob it of its meaning. And that would be a fair question on cross-examination. So if there was any objection to that evidence or any notion that that evidence was insufficient, the time to bring that out was at trial. But the record as it presently stands is that the county visually inspected the chairs every day. And when there was a report of a chair being broken, it was repaired. That's the evidence that the jury had before it. Correct? Almost. Almost. I would agree that there was evidence that county employees walked through the courthouse visually, making sure that there is nothing amiss. But there was no evidence of any kind that this furniture or this chair in particular had been inspected in the 20 to 30 years that the county owned it. And we contend as a matter of law, that is unreasonable. Even physically handling this chair or turning it over, at the very least, you would need that to call it an inspection. In these other cases, Gow and Harry's, which Gow quoted so favorably, those were cases involving a failed chair and a failed chair in a clothing department store and a stool in a coffee shop in a hotel. Counsel, the difficulty I'm having with your argument before us is these are issues that could have been and should have been brought to the jury's attention. If there were deficiencies in the inspection of the chairs, then that should have been brought to the attention of the jury at the time, so the jury could make that determination rather than us. You're asking us to make it. Well, we did. We did bring these things up, Your Honor. Well, if you brought them up to the jury and the jury wasn't persuaded, then how can we say that their verdict is against the weight of the evidence? If they considered all of the evidence and came to a conclusion that did not favor your client, how then can we say that it's against the weight of the evidence if they had all of the evidence? Because it is not clear from the district court's ruling that the jury understood that the county had a burden here to show that it had done what a reasonable premises owner would do and seek to discover hidden or latent dangers. But that's a jury instruction issue. That's a jury instruction issue, and you didn't object to the instruction that was given. So the jury is presumed to follow the instruction. If the instruction was correct on what the various burdens were and what had to be proved, then how can there be error? Even if the district court misstated the burden post-trial, does it matter if the instructions weren't objected to and the jury followed those instructions? Well, Your Honor, I would contend that the jury did not follow those instructions. There was no evidence of any kind that the county sought out any defects in any courthouse furniture whatsoever. It presented evidence of visually walking through the courthouse, but that's not the same as inspecting a piece of furniture. I think we can safely assume that in the Gao and Harry's court that the defendants there at least offered that much that, hey, we're around these chairs or these stools all the time, every day, and we never noticed anything wrong. But those courts, it wasn't good enough for them. There has to be something more. There has to be. I mean, even if there was an inspection in the previous one, two or five years prior to when Ms. Condello arrived at that courthouse, that would be something. But we just have no evidence of any kind that the county ever thoroughly looked at the furniture, let alone this chair. Counsel, my problem with your argument is that if there was no evidence of due care, adequate inspection of the chairs, you should have moved for judgment notwithstanding the fall. And you didn't. Well, Your Honor, that the district court. I mean, that's what you're arguing now. You're arguing there was no evidence of inspection sufficient to find defects. That argument, if it should be made to the trial court, say you shouldn't submit this case to the jury. You should grant judgment to the plaintiff for failure of proof by the defendant. And that wasn't done. Your Honor, I, I would point out that the district court did defer ruling on whether Rez Ipsa La Couture had been met at all. And unless that is established as being met, plaintiff could not win on that issue.  I'd like to reserve the rest of my time for rebuttal. Thank you, counsel. We understand your argument. Let's hear from the county. Thank you, Your Honor. May it please the court. I think initially, you know, the appellant is appealing the judge's denial of a new trial. So that's an abuse of discretion standard. We have to find in order to overturn that. We have to find that that we don't have to find. You don't have to find. We have to find. Right. I apologize. I apologize, Your Honor. You have to find, Your Honor, that the judgment defies all logic. And, you know, we briefed the standard in our response brief here. There was evidence presented that these were relatively new chairs purchased in either the late 90s or early 2000s, that there were daily inspections done where the folks walked around the courthouse looking for anything or anything, screws on the ground, broken limbs of a chair. They also did then quarterly inspections, which were even more thorough. That evidence was presented to the jury. Plaintiff presented no evidence to the contrary. Plaintiff presented no evidence from an expert about the, you know, the longevity of these chairs, the architecture of these chairs, the quality that they should be inspected more thoroughly. Nothing was presented by the plaintiff. We presented our expert or our witnesses, and ultimately the jury considered all the evidence and found in our favor and unanimously so. The arguments I hear today by Mr. Johnston are those appropriate for closing argument. They go to the weight of the evidence. And the jury considered all of that and found in our favor. And I don't, respectfully, I don't think you can find that the verdict defies all logic. There was evidence presented. And I think it was reasonably reasonable for the jury to conclude what it did. I want to hit on something. Is your argument that taking what your friend said, that the judge committed error in saying that the defendant has no burden in a racist, locular case, but that it's harmless error in view of the jury's determination? No, Your Honor. And I should have started there first, perhaps, but that's where I was going next. I don't think it matters either way because it is harmless error because evidence was presented and the jury considered it. But I think what counsel is relying on is this Gow case. And there's a quote in the Gow case about whether res ipsa somehow shifts the burden. And the quote actually doesn't come from the quote. It comes from a I think it's a Missouri case from the 1930s. And that's Harry's versus Bond stores. And it talks about once res ipsa is the case talks about somehow the defendant has to explain its position to escape liability. That case is talking about whether res ipsa applies or not. It's not talking about burden shifting. And I think if you read it very closely, you'll see what I'm talking about. Res ipsa simply allows the plaintiff to get the case to a jury without having to present direct evidence. And they did that here. We don't take issue with that. The case got to the jury. It doesn't now shift the burden to the defense to have to, you know, it doesn't shift the burden. Plaintiff still has the burden and plaintiff can carry his or her burden with res ipsa. The defense doesn't now have some new burden simply because it got to the jury. Plaintiff's case got to the jury. Res ipsa allowed it. It was a bridge to get there. We couldn't move for summary judgment against it or judgment or for a directed verdict. It got to the jury. Yes. Would it perhaps be more accurate to say that a burden of production falls on defendant once res ipsa locata presumption arises? So if in other words, if the defendant produced nothing. If the defendant didn't produce any evidence, then would the defendant lose at that point? No, no, Your Honor. I think I think what it does is it allows the jury allows it to just simply get to the jury and satisfies plaintiff's burden. If it gets to the jury and there is no evidence presented by the defendant, wouldn't the defendant lose at that point? No, Your Honor. No, I don't. And that's what I think the trial judge was saying when he denied the motion for a new trial. I don't think it now shifts the burden. If we're talking about a normal, you know, let's take res ipsa out of it for a moment. If plaintiff presented a case without res ipsa jury instruction, the defense has no burden at all. I can go to. I don't have to present a single evidence out of it. You don't have the presumption. If you take res ipsa, that's the problem is you have the presumption. If res ipsa applies. So it's a little different dynamic where you have a presumption that the plaintiff has met the burden. If the defendant doesn't put on any evidence. My reading of it, Your Honor, is it doesn't it doesn't. All it simply does is allow it to get to the jury. So plaintiff doesn't have to present any evidence other than simply meeting the elements of res ipsa. Now it's before a jury. But what does the presumption, what does the role does the presumption serve at that point then? It gets to the jury in what form? Isn't there a presumption on the res ipsa that there has been negligence? There may be negligence, as I think what it does, and I think that actually may is used in the case law to describe it. The jury may conclude that there was negligence, not that there is no presumption or burden shifting. The jury now may conclude that there was negligence or it may not. But your son is it doesn't create a burden for us. It's a permissible inference, permissible inference. Right. It's a it's a permissible inference now, but I don't want to get too hung up on that issue, Your Honor, because it would be harmless error either way, because we did present evidence and we presented evidence that the jury certainly factored and believed and found in our favor. And plaintiff had opportunity to cross examine our folks or to present expert witnesses to contradict the standard of, you know, to set a standard of care that was used. But the plaintiff didn't do that. And those are issues that are trial issues before before a jury. I don't think they're appropriate arguments here because we have to find this jury. This judgment defies all logic. And I just don't see how we get there or how I'm sorry, how you could get there, how it could defy all logic when there were inspections done every day. Our folks walked the courthouse looking for issues with chairs, furniture, steps, floors, ceilings, everything. And there were and the evidence is undisputed that there was never an issue with these chairs ever in the history of the courthouse that they the our folks never found missing screws or broken limbs. And there's evidence there was evidence presented that the chair likely broke the moment she sat in it. So there was nothing to be found. The chair made a noise and it cracked when she sat in it. That came from plaintiff's testimony at trial. So it likely broke the moment she sat in it. Counsel, let me ask you if plaintiff have had rested its case, rest her case, and then the defendant rested its case without presenting evidence. Could plaintiff have moved for a directive verdict at that point? I don't believe so. I believe, Your Honor, that no, that no, because I don't have a burden at that point. I still don't have to present any evidence. I think the jury may find in plaintiff's favor or may find in our favor in that scenario. I think it's simply this bridge to allow it to get there without presenting direct evidence of negligence. And that's that's and we actually briefed. I think we briefed that pretty carefully in our response brief. These are hard cases to prove for the plaintiff. And so this mechanism allows the plaintiff to prove it through circumstantial evidence without direct evidence of negligence. And that's what happened here. And we didn't object to the instruction. The instruction was given and the jury chose not to find in plaintiff's favor. And they are allowed to do that. And I think what counsel is really doing is saying the jury is not allowed to do that. They have to find in the plaintiff's favor if this instruction is given. And that's not the case. It is a permissible inference, but it's not strict liability. And either way, Your Honor, we did present evidence. And I think we presented strong evidence that we inspected these chairs every single day. What's your response to opposing counsel's argument that it really wasn't an inspection? My response, Your Honor, is it wasn't as thorough as counsel wanted it to be. But those are credibility. Those are issues that are in the province of the jury to decide. You know, how much snow ice melt should I put in the parking lot? And how often should we inspect, you know, the machinery at the construction site? And how often should we inspect the chairs? And how thorough should it be? Well, that goes to the reasonableness of our conduct, which is absolutely a question that the jury decides, and the jury decided that here. So counsel, I think, arguments are those that you make a closing argument. And I think he did that and he did it well. The jury just didn't agree with him. So what is the standard of care here? Can we say as a matter of law, the inspections must have been more thorough? Was there there was no expert testimony presented by the plaintiff on that issue? Or there was actually no evidence presented by the plaintiff at all about any of these issues with respect to liability? They only presented damages in their case in chief. So that's my response is they established no standard of care through expert testimony. They established nothing with respect to a history of broken chairs or problems with the chairs or bad architecture or bad design of the chairs. And the jury gets to decide whether or not daily visual inspections of chairs that were relatively new is sufficient. And the jury decided that. Pam, I'm happy to answer any other questions, but I really don't have anything else. And I think we've covered a lot of this in our briefing. I don't want to restate that. All right. Thank you, counsel. It appears there are no additional questions. Rebuttal. Thank you, Your Honor. Very briefly, I think this issue is made especially clear in the Harry's case, which the Supreme Court of Oregon adopted wholesale. Harry specifically states, the presumption or inference of negligence arising by virtue of the doctrine of res ipsa locator is not conclusive of the question, but may be overcome by any appropriate evidence. So the specific use of the word presumption has to be overcome. I think this is very definitive about what the county's burden was at trial after plaintiffs established a prima facie case. Now, as to the evidence that was shown, well, the county has claimed the evidence allowed the jury to infer that the chair broke at the moment plaintiffs sat in it rather than due to any wrongful action on the county's part. We would ask, how can anyone possibly infer that with any degree of confidence when there was no evidence that anyone employed by the county even touched or turned over these chairs in the 20 to 30 years that they had been there? And for these reasons, we ask that the district court's order be reversed. Thank you. All right. Thank you. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: RAWLINSON, BEA, SUNG